# PLEASE NOTE

  **SENTENCING MEMORANDA:** Please note that, in addition to submission of written objections to the pre-sentence report within 14 days of disclosure of the report to counsel by the Office of Probation, **counsel are now required to submit any pre-sentencing memoranda directly to the sentencing judge and the Office of Probation within that same period of time.** Thus, during the same 14-day period in which counsel submit their written objections to the presentence report, counsel shall submit all pre-sentencing memoranda directly to the sentencing judge with simultaneous, confidential copies to all parties, including the Probation Office. The submission of a sentencing memorandum does not relieve the parties from the obligation of providing the probation officer written objections to the presentence report within fourteen (14) days of disclosure in accordance with Fed. R. Cr. P. 32(b)(6)(A).

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**               **CRIMINAL NO. 6:12-cr-00071-01**

**VERSUS**                                 **JUDGE FOOTE**

**TEMEKA BRADLEY**                         **MAGISTRATE JUDGE HILL**


*CRIMINAL SCHEDULING ORDER*
*(Revised January 25, 2012)*

   The purpose of this order is to ensure the case is in proper posture for trial and to reduce or eliminate the use of boilerplate, formula motions and responses for discovery of matters authorized by the Federal Rules of Criminal Procedure, federal statutes, or well-settled case law as applied by this court in the vast majority of criminal cases.

   **Counsel shall strictly comply with the filing deadlines for motions and submissions set forth in this Scheduling Order. Any failure to do so will result in the imposition of sanctions on the responsible attorney(s). Any motion to extend deadlines contained in this order will be referred to Magistrate Judge Hill for disposition.**

   The above-named defendant(s) having been arraigned, the following orders are entered:

### I.  SCHEDULING CONFERENCE

   A scheduling conference is hereby set, **by telephone**, before Magistrate Judge Hill on **May 21, 2012 at 1:30 p.m.**  Trial counsel shall participate.  Counsel for the government shall initiate the telephone call.  Counsel shall be prepared to discuss with the Court the anticipated length and complexity of the trial, any outstanding discovery issues and outstanding or anticipated motions, excepting motions in *limine*.

   A trial date, pre-trial conference date and motion hearing date, if necessary, will be set at the scheduling conference.

### II.  DISCOVERY

 **(a)** The government shall advise its agents and officers involved in this case to preserve all rough notes.

 **(b) Within (7) days following the date of this order**, counsel for the parties shall meet <u>IN PERSON</u> or <u>BY TELEPHONE</u> and the following shall be accomplished:

(1) At defendant's written request,[1] filed in the record, the government shall make the following disclosures to the defendant and/or shall make available for inspection, copying, or photographing the following items or copies thereof, or shall supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government:

(A) Any relevant written or recorded statements made by the defendant.

(B) That portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by a person then known by the defendant to be a government agent.

(C) Recorded grand jury testimony of the defendant relating to the offenses charged.

(D) The substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial.

(E) The defendant's arrest and conviction record.

(F) The general nature of any Rule 404(b) evidence it intends to introduce at trial.

(G) The government shall deliver to any chemist selected by the defense who is presently registered with the Attorney General in compliance with 21 U.S.C. §§822 and 823, and 21 C.F.R. §101.22(8), a sufficient representative sample of any alleged contraband which is the subject of the prosecution, to allow independent chemical analysis of such sample.

(H) Books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defense or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant.

(I) Results or reports of physical or mental examinations and of scientific tests or experiments which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

(2) At the government's written request,[2] filed in the record, and if the defendant has requested discovery under Paragraphs (a)(1)(H) and (I) above, the defendant shall permit the government to inspect and copy or photograph the following items or copies thereof, or shall supply copies thereof, which are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant;

(A) Books, papers, documents, photographs or tangible objects which the defendant intends

---

[1] See Western District of Louisiana website for form, http://www.lawd.uscourts.gov.

[2] See Western District of Louisiana website for form, http://www.lawd.uscourts.gov.

to introduce as evidence in chief at trial.

(B)  Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.

(3)  If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether the defendant had the mental state required for the offense charged, the defendant shall give written notice thereof to the government.

(4)  The government shall state whether the defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

(5)  The government shall state whether the government counsel's file or other source known to him or her indicates that any wire or oral communications have been intercepted. (See 18 U.S.C. §2515-2518).

(6)  The government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

(7)  The parties shall make every possible good faith effort to stipulate to all facts or points of law, the truth or existence of which is not contested and the early resolution of which will expedite the trial and shall, each, sign a joint affidavit to that effect and provide to the Court not less than 7 days prior to the pre-trial conference.

(8)  Counsel for the government shall state whether Jencks material will be provided prior to trial, and if so, when.  In order to minimize disruptions at trial, the court encourages the U. S. Attorney's office to provide Jencks material on the Friday prior to trial, if not before.

 (c) **NOT LESS THAN thirty (30) days before the pre-trial conference**, the United States shall submit to the District Judge and opposing counsel FED.R.EVID. 404(b) information intended to be used, the name of the witness through whom this testimony will be introduced, the specific evidence it plans to introduce, the factual basis for the evidence, the specific issue (motive, intent, etc.) to which this evidence is relevant, its need for the evidence, and all relevant case law.  A blanket statement that the evidence is to bear on "motive, intent, etc." will not be sufficient.  Counsel shall note the particular issue to which the evidence will bear.

Notwithstanding the deadline contained in this paragraph, to the extent the government has knowledge of Rule 404(b) evidence prior to this time, it shall provide that information to the defendant as soon as it obtains the information.

**The defendant shall file any desired Rule 404(b) motion within seven (7) days of receipt of Rule 404(b) material from the government, and the government will have seven (7) days to file**

**a response.  All such motions shall be submitted to the presiding judge, IN CHAMBERS and if the Court finds the motion may be decided prior to trial, the presiding judge may refer the motion to the magistrate judge for report and recommendation.**

At the trial, the United States is ordered to notify the Court outside the presence of the jury and prior to calling the witness through whom it will introduce 404(b) evidence, of its intent to call the witness.  Thereafter, objection may be made by the defendant, outside the presence of the jury, and, if necessary, a hearing will be held outside the presence of the jury.  If the United States fails to so notify the Court, the witness and/or the evidence may be excluded from use at trial.

**(d) NOT LESS THAN seven (7) days prior to trial:**

(1) The government shall reveal to the defendant and permit inspection and copying of all information and material not already provided to the defendant, and known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Kyles v. Whitley, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

(2) The government shall disclose to the defendant the existence and nature of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

(3) The government shall supply the defendant with a record of prior convictions of any informant who will testify for the government at trial.

(4) The government shall have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case and shall have provided that testimony to the defendant(s).

(5) The government shall permit the defendant, defense counsel, and any experts selected by the defense, to inspect any automobile, vessel, or aircraft allegedly used in the commission of any offenses charged. Government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

(6) The curriculum vitae of any expert witnesses who will testify at trial shall be exchanged.

(7) Counsel for both sides shall adhere to their continuing duty to reveal, immediately, to opposing counsel all newly discovered information or other material within the scope of this order and/or the Federal Rules of Criminal Procedure and Federal Rules of Evidence.

### III. MOTIONS

(a) If a party in good faith believes it would be detrimental to the interest of justice to make any of the disclosures set forth above, the party may file a written Declination of Disclosure with the

Clerk **within ten (10) days of the date of this order**, with a copy to opposing counsel and the Magistrate Judge, specifying which disclosures are declined and the legal authorities for such declination.

An opposing party may challenge a Declination of Disclosure by filing a Motion to Challenge Declination, accompanied by a supporting memorandum within 5 days thereafter and, if appropriate, affidavits, by the motion deadline date set forth in Paragraph (II)(b). IF NO CHALLENGE IS FILED TO A DECLINATION AS REQUIRED UNDER THIS PARAGRAPH, THE COURT WILL ASSUME THE ISSUE IS MOOT OR THE RIGHT TO DISCOVERY WAIVED.

**(b) ALL OTHER MOTIONS SHALL BE FILED WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**. Responses shall be filed in accordance with LR7.5W, except they shall be filed on or before seven (7) days after service of the motion. Any motion filed after this deadline will require leave of court, with good cause shown for why the motion was not timely filed.

**(c)** Motions for disclosure of matters already ordered herein will require no response by the opposing party, AND NO RULING WILL BE MADE BY THE COURT. Such redundant motions will invite sanctions by the court.

**(d)** <u>Motions to Suppress</u>: The law in this circuit provides that a "motion to suppress must in every critical respect be sufficiently definite, specific, detailed and non-conjectural to enable the Court to conclude that a substantial claim is presented.... In short, the motion must allege facts which, if proven, would provide the basis for relief." <u>United States v. Richardson</u>, 764 F.2d 1514, 1527 (5th Cir. 1985), and cases cited therein. Furthermore, under FED.R.CRIM.P. 41(e), an evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact. <u>United States v. Harrelson</u>, 705 F.2d 733 (5th Cir. 1983).

### IV. TRIAL INSTRUCTIONS

**(a) <u>SUBPOENAS</u>**. Counsel appointed to represent indigent defendants who desire that trial subpoenas be served by the U.S. Marshal shall file a motion, a memorandum establishing indigent status and that the desired witnesses are necessary to an adequate defense, and shall submit completed summonses for the requested witnesses, no later than <u>twenty (20) days</u> prior to trial.

**(b) <u>EXHIBITS</u>**. Shall be marked for identification for trial purposes no less than three (3) days prior to trial, and copy provided to the Clerk of Court, attention Courtroom Deputy.

**(c) <u>MOTIONS FOR CONTINUANCE</u>**. Any motion for trial continuance shall be filed no less than seven (7) days prior to trial, **with a copy hand delivered to the trial judge**. The motion shall set forth sufficient facts to allow the judge to determine whether the "ends of justice" are served by such a continuance under 18 U.S.C. 3161(h)(8). See <u>United States v. Willis</u>, 958 F.2d 60 (5th Cir. 1992) and *United States v. Williams*, 12 F.3d 452 (5th Cir. 1994).

**(d) <u>SENTENCING PROCEDURES</u>**. Within 14 days of receiving the presentence report from the Office of Probation, counsel may submit "Objection(s) to Presentence Report." The Objections are to be submitted directly to the Office of Probation; it is <u>not</u> to be filed with the Clerk of Court.

Also within 14 days of receiving the presentence report, counsel may file with the Clerk of Court a "Motion for Departure from the Sentencing Guidelines." A courtesy copy of the motion must be sent to the sentencing judge and the Office of Probation.

Additionally, once this Court receives a copy of the presentence report, which addresses all objections filed by the parties, counsel may file a "Sentencing Memorandum," addressing the factors identified in 18 U.S.C. §3553(a).[3]  **A courtesy copy of this memorandum must be sent to the sentencing judge and the Office of Probation.  This memorandum does not get filed into the record.**

Should counsel choose to submit more than one of the foregoing documents, they are to submit each in a separate filing (e.g. counsel are _not_ to combine their objections with their sentencing memorandum).

**(e) PLEA PACKAGES**.  Prior to the taking of a guilty plea, counsel will negotiate the terms of the plea agreement and create a plea packet which contains the Indictment, Affidavit of Understanding of Maximum Penalty and Constitutional Rights, and Plea Agreement, as well as the Consent Decree of Forfeiture and Agreement to Abandon Property in Appropriate Cases.  The Elements of the Offense and the Stipulated Factual Basis will also be submitted with the foregoing documents, but they are to be submitted in one document entitled "Elements of the Offense and Stipulated Factual Basis for Guilty Plea."  In this document, the Elements of the Offense will be set forth first, followed by the Stipulated Facts.  A plea colloquy will no longer be prepared by counsel and submitted to the Court, as the Court will now prepare the plea colloquy.

**Dates for the guilty plea WILL NOT BE SET until after receipt of the foregoing documents, signed by the defendant and all counsel.**[4]

**(f) JOINT STATUS REPORT.**  On or before seven (7) days prior to the pre-trial conference, the parties shall deliver to the Trial Judge's chambers a Joint Status Report.

**(g) JURY INSTRUCTIONS:**

On or before seven (7) days before the pre-trial conference, the parties shall deliver to the Trial Judge's chambers joint jury instructions. **ALL SUBMISSIONS MUST BE JOINT** with disagreements footnoted with case authority and pinpoint citation.  Each charge shall bear a notation indicating (a) agreement or objection to the charge as written; (b) if objection to the charge being given is noted, reasons and citation of authority, with pinpoint citations, shall be set forth; (c) if objection is limited to the proper wording of the charge, alternative suggested wording, reasons therefor and citation of authority, with pinpoint citation, shall be set forth.  All Pattern Instructions

---

[3]_See also_ Gall v. United States, 128 S.Ct. 586 (2007).

[4]Upon a showing of good cause and with court permission, the parties may request a plea tentatively be set prior to this Court's receipt of the signed documents, with the recognition the plea will not go forward - and the Court will not prepare a colloquy - until it receives the signed documents.  To request a plea date under such circumstances, counsel shall contact this Court to determine whether the Court will set the plea without the documents.

taken from the latest Edition of the 5th Circuit Pattern Instruction book may be referenced by number.

    **(h) VERDICT FORM.** On or before seven (7) days prior to the pre-trial conference, the parties shall deliver to the Trial Judge's chambers an agreed-to proposed Verdict Form.

    **(i) VOIR DIRE.** On or before seven (7) days prior to the pre-trial conference, the parties shall deliver to the Trial Judge's chambers any proposed jury voir dire questions. Counsel are <u>not</u> to replicate this court's standard voir dire questions. (A copy of the court's standard voir dire questions can be found at www.lawd.uscourts.gov.)

    **(j) REAL TIME GLOSSARY.** On or before seven (7) days before trial, each counsel shall deliver to the Trial Judge's court reporter a Real Time Glossary. This glossary shall contain the proper names of all witnesses expected to testify at trial on behalf of a party, as well as all technical terms that may be employed by that party at trial. This glossary is not to be filed and need not be disclosed to opposing counsel.

    **(k) NOTIFICATION OF POTENTIAL FOR DELAY.** Counsel are <u>ORDERED</u> to promptly notify the presiding District Judge in writing of any matter which may arise before or during the trial which might cause a significant delay of the proceedings. The submission need not be filed with the Clerk of Court or provided to opposing counsel if an ex parte submission is warranted. However, the submitting party must grant contemporaneous notice to all counsel of the fact they have made a submission, oral or written, pursuant to IV(k). Counsel shall set forth reasons justifying any ex parte submission within said submission.

    Signed at Lafayette, Louisiana, on May 3, 2012.

                                                      *C. Michael Hill*
                                                      C. MICHAEL HILL
                                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:12-cr-00071-01** |
| **VERSUS** | **JUDGE FOOTE** |
| **TEMEKA BRADLEY** | **MAGISTRATE JUDGE HILL** |

JOINT STATUS REPORT

A status conference was held this date at the direction of the court. The following appearances were made:

**NAME (PLEASE PRINT)**                               **PARTY REPRESENTED**
_____
_____
_____
_____
_____

Trial is set for _____

**THE FOLLOWING QUESTIONS WERE ADDRESSED:**
(1)  Will a hearing outside the presence of the jury be required on Rule 404(b) evidence either as to its relevance or as to its probative vs. prejudicial value?  *See* U.S. v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 and Huddleston v. U.S., 485 U.S. 681 (1988).
_____
_____
_____
_____

(2)  Is there any issue involving voluntariness of statements under 18 U.S.C. § 3501?
_____
_____

(3)  Are there any admissibility questions requiring evidentiary presentation?
_____
_____

(4)  Time required by each side to present its case in chief:  _____
_____

(5)  The parties agreed to waive challenges to the foundation of the following documents:
_____

-3-

_____

(6)  Order of presentation by multiple defendants:  _____
_____

(7)  Pending discovery problems:  _____
_____

(8)  Jencks Act material will be provided to defendant(s):  _____
_____

(9)  Other:  _____
_____
_____

APPROVED AS TO FORM AND SUBSTANCE this _____ day of _____, 2012.

SIGNATURES:
_____
_____
_____
_____

**NOTE:**     **Original to be filed with Clerk.  Copy to be delivered to Judge Foote's chambers, 300 Fannin Street, Suite 4300, Shreveport, Louisiana.**